IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ameen A. Muhammad, #1337028, ) | C/A No.: 1:19-3489-DCC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CCOH or CCHM, H. Drayton, ) | ORDER AND NOTICE |
| Theodolph Jacobs, O'Brien, G. ) | |
| Williams, and John Doe, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Ameen A. Muhammad ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against CCOH or CCHM, Detention Center Director H. Drayton ("Drayton"), Dr. Theodolph Jacobs ("Dr. Jacobs"), Dr. O'Brien, Dr. G. Williams ("Dr. Williams"), and John Doe ("Doe") (collectively "Defendants"), in their official and individual capacities, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff is a pretrial detainee incarcerated at Sheriff Al Cannon Detention Center ("Detention Center") in North Charleston. [ECF No. 1 at 2, 4]. He alleges Defendants violated his due process rights under the Fourteenth

Amendment by subjecting him to cruel and unusual punishment and providing inadequate medical care in violation of the Eighth Amendment. *Id.* at 4. He claims additional violations based on negligence and breach of contract.[1] *Id.*

Plaintiff alleges Defendants violated minimum standards for screening for communicable diseases in local detention facilities. *Id.* at 4. He claims that on November 15, 2019, hepatitis A vaccines were administered to all inmates in the Detention Center. *Id.* at 5. He maintains he has been experiencing symptoms of hepatitis A, including headache, fatigue, throbbing behind his left eye, blurred vision, and anal irritation. *Id.* at 5–6. He alleges CCMH did not properly screen for the disease, allowing him to become infected.[2] *Id.* at 5.

Plaintiff demands compensatory damages of $5,000,000, "nominal" damages of $100,000, punitive damages of $5,000,000, a declaratory judgment, a change in policy, "or reduced likelihood of future violations." *Id.* at 6.

II. Discussion

　　A.　Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against

---

[1] Plaintiff also claims Defendants violated his constitutional or statutory rights as to "third party beneficiary." [ECF No. 1 at 4]. This does not appear to be a cognizable claim.
[2] Plaintiff does not allege he has received a positive Hepatitis A diagnosis.

2

possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*,

3

901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.  Analysis

  1.  CCOH or CCHM Not A "Person" Under § 1983

To state a plausible claim for relief under 42 U.S.C. § 1983,[3] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons"

---

[3] Plaintiff's Complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

4

may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

Plaintiff names "CCOH or CCHM" as a defendant and alleges "CCMH" did not properly screen for hepatitis A, causing him to become infected. [ECF No. 1 at 5]. As Plaintiff provided no identifying information as to "CCOH or CCHM," the undersigned is unable to determine whether CCOH or CCHM was acting under color of state law. Nevertheless, it does not appear that CCOH or CCHM qualifies as a "person" subject to suit under § 1983. Accordingly, Plaintiff's complaint is subject to summary dismissal as to CCOH or CCHM.

5

### 2. Failure to Allege Personal Participation by Other Defendants

Plaintiff does not allege any specific personal actions by Drayton, Dr. Jacobs, Dr. O'Brien, Dr. Williams, or Doe that violated his rights.

To assert a viable § 1983 claim against a public official, a causal connection or affirmative link must exist between the public official and his/her conduct. *See Iqbal*, 556 U.S. at 676 (providing a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Vinnedge*, 550 F.2d at 928 (for an individual to be liable under § 1983, it must be affirmatively shown the official charged acted personally in the deprivation of the plaintiff's rights).

Plaintiff has made the conclusory allegation that all defendants violated his due process rights under the Fourteenth Amendment, but he has cited no

6

specific action by Drayton, Dr. Jacobs, Dr. O'Brien, Dr. Williams, or Doe that violated his rights. In addition, Plaintiff has not provided information suggesting Dr. Jacobs, Dr. O'Brien, Dr. Williams, and Doe are public officials who qualify as state actors amendable to suit under § 1983. Accordingly, Plaintiff's complaint is subject to summary dismissal as to Drayton, Dr. Jacobs, Dr. O'Brien, Dr. Williams, and Doe.

3. Failure to Allege Elements for Breach of Contract Claim

To the extent Plaintiff alleges a claim for breach of contract, he has failed to identify any violation of the Constitution or federal law implicated by the alleged breach of contract, which is required to support a cause of action under § 1983. *See* 42 U.S.C. § 1983. To the extent Plaintiff alleges a claim for breach of contract under state law, he has failed to plead the elements necessary to support such a claim. Therefore, Plaintiff's claim for breach of contract is subject to summary dismissal.

4. Negligence Not Actionable Under § 1983

To the extent Plaintiff alleges a claim of negligence against Defendants for the alleged transmission of hepatitis A, the law is well settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995). Accordingly, Plaintiff's claim of negligence against Defendants is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **January 8, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*[signature: Shiva V. Hodges]*

December 18, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge